**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Belica G.d.L.,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

No. 26-cv-1001 (KMM/JFD)

**ORDER**

---

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Belica G.d.L. (Dkt. 1.) Petitioner asks the Court to order her immediate release from her current detention by federal immigration authorities or, in the alternative, to require those officials to grant him a bond hearing under 8 U.S.C. § 1226(a). Respondents argue that the Court should dismiss the petition for lack of jurisdiction or transfer venue to the Southern District of Texas because Belica G.d.L. was not in custody in Minnesota when she filed her petition, or to deny the petition on its merits. For the reasons that follow, this matter is transferred to the Southern District of Texas.

## BACKGROUND

Belica G.d.L. is a citizen of Guatemala who has been in the United States since 2023. (Dkt. 1 ¶ 1.) She entered without inspection. (*Id.*) She has no criminal history. (*Id.* ¶ 25.) "On or about the week of January 25, 2026," Belica G.d.L. was arrested without a

warrant and "for no apparent lawful reason" while at a jobsite.[1] (*Id.* ¶ 26.) She believes she was racially profiled as a Latina working a blue-collar job. (*Id.*) She was then transferred to a detention facility in Houston, Texas. (*Id.* ¶ 27; Dkt. 5 at 2.) Belica G.d.L. filed this Petition on February 3, 2026. (*See* Dkt. 1.) As of Respondents' Response, Belica G.d.L. is being held in Houston, Texas. (Dkt. 5 at 2.)

## DISCUSSION

Respondents appear to challenge the Court's jurisdiction to address this matter because ICE transferred Belica G.d.L. to the Southern District of Texas before she filed the petition. Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), Respondents argue Belica G.d.L.'s pre-filing transfer to Texas prevents this Court from adjudicating her Petition. (Dkt. 5 at 2.) To the extent Respondents suggest that Belica G.d.L.'s transfer deprives the Court of subject matter jurisdiction, the Court disagrees.

In *Padilla*, the Supreme Court considered whether the petitioner, who the federal government transferred into military custody at a naval brig in South Carolina prior to her filing of a habeas petition, properly filed her petition in the Southern District of New York. 542 U.S. at 430–32. The Court held that the proper respondent in a habeas case challenging physical custody is the petitioner's "immediate custodian." *Id.* at 439, 442. Further, based on the language in 28 U.S.C. § 2241(a), the Court concluded that "jurisdiction over [the] habeas petition lies in [a particular district court] only if it has jurisdiction over [the

[1] Respondents allege that Belica G.d.L. was arrested more than two weeks earlier on January 10, 2026. (Dkt. 5 at 2.) While this difference is significant, it does not impact the Court's conclusion that venue for this action is improper here. In either case, G.d.L. had been in Texas for a week or more at the time she filed her petition.

immediate custodian].” *Id.* at 442. But in explaining these rules, the Court was clear that it was not addressing subject-matter jurisdiction. *Id.* at 434 n.7 (“The word ‘jurisdiction,’ of course, is capable of different interpretations. We use it in the sense that it is used in the habeas statute, 28 U.S.C. § 2241(a), and not in the sense of subject-matter jurisdiction of the District Court.”); *see also id.* at 451 (Kennedy, J., concurring) (explaining that the “immediate custodian” and “territorial jurisdiction” rules “are not jurisdictional in the sense of a limitation on subject-matter jurisdiction”).[2]

Although the Supreme Court has not subsequently clarified whether the immediate-custodian and territorial-jurisdiction rules are matters of personal jurisdiction or venue, nothing in *Padilla* suggests that this Court lacks *subject-matter jurisdiction* because a petition is filed in this District after a petitioner has already been transferred outside of Minnesota. The Court, therefore, declines Respondents’ invitation to dismiss this matter for lack of subject-matter jurisdiction. *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (stating that even though petitioner did not file her habeas in the district where she was confined that “defect did not deprive the district court of subject matter jurisdiction”).

Even though the Court has subject-matter jurisdiction, that conclusion does not end the inquiry regarding the proper forum for Belica G.d.L.’s challenge to her confinement. Respondents argue that the Court should transfer Belica G.d.L.’s petition to the Southern

[2] Although the Court did not ultimately resolve precisely the doctrine to which these rules belong, the *Padilla* concurrence indicates that they are “best understood as a question of personal jurisdiction or venue.” 542 U.S. at 451 (Kennedy, J., concurring).

District of Texas.[3] (Dkt. 7 at 3.) *Padilla* states that the proper forum for a habeas petition challenging physical detention is in the district where the petitioner is confined. 542 U.S. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *id.* at 442 ("Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)). The district of confinement in this case is the Southern District of Texas. The Southern District of Texas was also the district of confinement when Belica G.d.L. filed her petition in this District. Accordingly, the proper forum for Belica G.d.L.'s petition is in the Southern District of Texas, not in this Court.

"An exception [to the district-of-confinement rule] is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at

[3] Respondents cite 28 U.S.C. § 1406(a) to support their alternative transfer request. (Dkt. 6 at 3.) Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*2 (D. Minn. Jan. 22, 2026) (collecting cases that recognized this exception).[4] But this exception does not apply here because the allegations in the petition show that Belica G.d.L.'s counsel knew she was located in Texas at the time the petition was filed. (Dkt. 1 ¶ 5.) Under these circumstances, the Court finds that transfer to the district of confinement is the appropriate result. *E.g.*, *Jonnathan X.D.B. v. Kristi Noem*, No. 26-cv-588 (DWF/DJF), 2026 WL 222189, at *1 (D. Minn. Jan. 28, 2026) (finding that exception to district-of-confinement rule did not apply where counsel knew about petitioner's location in another district when the petition was filed but transferring to the place of confinement rather than dismissing based on the court's concerns that petitioner's detention was unlawful).[5]

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** this matter is **TRANSFERRED** to the Southern District of Texas. The Clerk of Court is directed to effectuate the transfer without delay.

---

[4] This case differs materially from the undersigned's recent decision in *Aleksander B.* There, the petitioner's whereabouts were not known to counsel when the petition was filed and the respondents were not forthcoming with information when the petitioner's counsel asked them about her location for several days. 2026 WL 172435, at *3. Here, Belica G.d.L. was transferred out of this District at least a week (and possibly three weeks) before the Petition was filed and counsel does not raise any specific concerns about identifying her location during this period.

[5] The Court might reach a different decision if it appeared that transfers were being made specifically to obscure a petitioner's location, or to deprive a petitioner of accessing her counsel. There is nothing in the record before the Court to support either suggestion in this case.

Date: February 7, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge